**United States District Court**
**Western District of Washington**
**(Seattle)**

| | |
|---|---|
| L.F. in his individual capacity and as parent of K.S.F. (Student 1) and K.S.F. (Student 2), <br><br> Plaintiffs, <br><br> vs. <br><br> Lake Washington School District #414, <br><br> Defendant | Cause No: 2:17-cv-375 <br><br> **COMPLAINT** <br><br> 1. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794 *et seq.*); <br><br> JURY DEMAND |

### PRELIMINARY STATEMENT

Plaintiff L.F. in his individual capacity and as parent to K.S.F. ("Student 1") and K.S.F. ("Student 2"), hereby files this complaint due to the ongoing discrimination and retaliation he is

Complaint - 1
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

subjected to and has been subjected to by the Lake Washington School District ("LWSD") through its agents, administrators, and employees arising out of the actions detailed below. Plaintiffs request the Court grant them relief as detailed below.

## JURISDICTION AND VENUE

1. The allegations complained of in this matter occurred in the City of Redmond, County of King, and State of Washington, which is located in this judicial district. Therefore venue is proper in this Court under 28 U.S.C. 1391.

2. This matter involves a federal question under section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. 794 *et seq*. and therefore this Court has jurisdiction to hear this matter.

3. The court has pendent jurisdiction and supplemental jurisdiction over the state legal claims as they arise from the same nucleus of facts as the Plaintiffs' federal claims.

4. The court has jurisdiction over the Plaintiffs' request for injunctive relief pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

5. Plaintiff, Student 1, is a minor with an anxiety disorder who resides in the city of Redmond, County of King, and State of Washington. She lives within the boundaries of LWSD and attended Evergreen Middle School and High School, both LWSD schools, at all relevant times.

6. Plaintiff, Student 2, is a minor with an anxiety disorder and behavioral disorder who resides in the city of Redmond, County of King, and State of Washington. She lives within the boundaries of LWSD and attended Alcott Elementary School and Middle School, both LWSD schools, at all relevant times.

Complaint - 2
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

7. Plaintiff L.F. is the parent of Student 1 and Student 2. He shares joint educational decision making with his ex-wife, M.S., per the parenting plan. He lives in the city of Redmond, County of King, and the state of Washington within the boundaries of the LWSD.

8. Defendant, LWSD, is a Washington Public School District operating in Redmond, Washington. Pursuant to R.C.W. 28A.320.010 school districts, such as LWSD, are corporate bodies that possess all the usual powers of a public corporation and may sue and be sued and transact all business necessary for maintaining and protecting the rights of the school district. School districts are political subdivisions of the state of Washington. R.C.W. 28 A. 315.005(1). Actions may be maintained against schools districts for injuries to the rights of plaintiffs arising from the acts of omissions of school districts. R.C.W. 4.08.120.

## FACTUAL BACKGROUND

*L.F.'s Advocacy for Student 1*

9. On or about October 2015, Student 1's anxiety began to substantially impact her ability to engage in normal life activities such as getting out of bed in the morning, completing homework, attending school, and coping with everyday demands.

10. Student 1 began experiencing debilitating panic attacks when doing homework and waiting for the school bus in the morning.

11. On or about October 13, 2015, Student 1 experienced a severe panic attack at the school bus stop that resulted in her missing school for 2 days.

12. LWSD was aware of Student 1's anxiety. Prior to L.F.'s advocacy in October 2015, LWSD had presented her with an "anytime" pass for her use when she experienced anxiety or panic

Complaint - 3
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

attacks at school. The use of this pass was available to Student 1 throughout the 2015-2016 school year.

13. On October 13, 2015, L.F. contacted Student 1's school counselor, Sarah Parnell, and advocated for accommodations for the apparent anxiety. Ms. Parnell arranged a meeting for October 15, 2015.

14. On October 23, 2015, L.F., exercising his rights under Section 504, formally initiated the process to develop a "Section 504 Plan" to accommodate Student 1's anxiety particularly during tests.

15. Ms. Parnell scheduled a "Guidance Team" meeting for November 4, 2015, to "have a discussion" about how Student 1's "medical condition impacts her performance at school, and determine whether a 504 is appropriate." LWSD did not evaluate Student 1 prior to this meeting.

16. Between October 23, 2015 and October 29, 2015 LWSD and L.F. discussed the possibility of Student 1 attending the meeting.

17. Given Student 1's anxiety, L.F. did not believe it was advisable for Student 1 to attend. Instead he suggested that Ms. Parnell reach out to Student 1's individual therapist or speak with Student 1 prior to the meeting to gain her perspective.

18. The issue of Student 1's attendance was amicably discussed between L.F. and LWSD without issue.

19. On October 29, 2015, Robert Johnson, principal of Evergreen Middle School, agreed that L.F.'s "suggestion of gathering information from [Student 1] at a different time and then

Complaint - 4
Cause No: 2:17-cv-375

Cedar Law, PLLC
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

presenting the data during the meeting [was] reasonable and something [LWSD] can and will accommodate."

20. Student 1's mother disagreed and threatened to delay the meeting using the family law process if L.F. would not agree to Student 1's presence. L.F. reluctantly, but respectfully, agreed to Student 1's presence while stating his concerns.

21. Despite already accommodating Student 1 with an "anytime pass" and the clear impact of her anxiety on her functioning, at the November 10, 2015 Guidance Team meeting LWSD determined Student 1 did not require accommodations under Section 504 and refused a Section 504 plan.

22. LWSD issued "Prior Written Notice" (the "Notice") of the decision. The Notice does not document any concern with any party's conduct before or during the Guidance Team meeting.

23. Upon receiving the Notice, L.F. informed LWSD of his intent to appeal LWSD's decision to refuse his daughter accommodations under Section 504 due to his concerns that substantial and critical information was not considered or documented in the decision. He requested information on the appeal process.

24. Jeannette Baken, Associate Director of Special Services, forwarded L.F.'s concerns to Sue Anne Sullivan, School Support Officer, stating, "We will handle this, just keeping you in the loop."

25. On November 12, 2015 Mr. Johnson referred L.F. to Stacey McCrath, Associate Director of Special Education employed by the LWSD but invited L.F. to contact him with any further concerns.

Complaint - 5
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

26. Still uninformed of the appeals process, L.F. replied to Mr. Johnson's invitation to contact him with further concerns, and requested a meeting between Mr. Johnson and his supervisor to address "clear, deliberate omissions of evidence."

27. L.F. also contacted Ms. McGrath to immediately initiate the appeals process. He expressed to Ms. McGrath his concerns about Mr. Johnson's impartiality and competence given the omission of substantial and critical information from the Section 504 decision, and asked that his concerns be taken into consideration.

28. On November 21, 2015, because his initial email still had not been responded to, L.F. sent a follow-up email expressing his concerns and his continued desire to appeal the decision regarding a 504 Plan for Student 1 and a review of Mr. Johnson's decision in light of various concerns.

*LWSD Arbitrarily and Severely Restricts L.F's Ability to Continue his Advocacy Efforts*

29. Two (2) days later, on November 23, 2016, LWSD severely restricted L.F.'s communications with the District by unilaterally implementing communication restrictions against him for no substantiated reason.

30. The communication restrictions imposed upon L.F. prevented all communication between L.F. and school staff or employees, including his daughters' teachers, principals and administrators. Communications with select LWSD staff were limited to twice monthly meeting with the agenda of the meeting to be approved at the discretion of LWSD.

31. On or about November 23, 2016 Mr. Johnson distributed a group email to staff members, counselors, secretaries, classroom teachers, etc, notifying them of the communication restrictions.

Complaint - 6
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

32. Mr. Johnson further directed his staff to remove L.F. "from any group email list they may have i.e. If they mail the whole class of parents they should not include him" and further stated, "remove [L.F.] from any class DLs you have." He also directed staff: "If [M.F.] sends an email and copies [L.F] to the thread, please remove [L.F.] before replying."

33. These directives poisoned staff perceptions of L.F. and the situation.

34. For instance, teacher Eric Peterson replied: "Are we getting any more info? This sounds really serious."

35. On November 30, 2015, 20 days after his initial inquiry and after LWSD implemented communication restrictions, Stacey McGrath responded to L.F.'s request for an appeal of the Section 504 decision regarding Student 1.

36. On December 3, 2015 Ms. McGrath explained that the "appeals process involves a 30 minute meeting with me (my secretary will be in the meeting to take notes)" She explained that she would draft a written decision on the appeal within 3 days of the meeting.

37. L.F. was horrified to find that an employee of LWSD, and not an impartial hearing officer, would be conducting the review and writing the decision on appeal. This was especially alarming to him because the recently instituted communication restrictions specifically mentioned him raising issues with the 504 process as grounds for the restrictions.

38. L.F. felt restricted in his ability to act and felt highly threatened by the school district especially in light of insinuations by LWSD that any contact with LWSD would result in a no-trespass order.

Complaint - 7
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

39. Feeling threatened by the LWSD's action against him, and feeling he could not respond under the current restrictions, L.F. discontinued his advocacy for Student 1 through the 504 appellate process with LWSD.

40. With the approval of LWSD, on January 27, 2016, L.F. attended a meeting to discuss academic concerns related to Student 1 with Mr. Johnson and the math teacher, Ms. Peterson.

41. Ms. Sullivan was scheduled to attend the January 27, 2016 meeting but asked that the meeting occur without her.

42. Despite what by all accounts was an appropriate meeting, Ms. Sullivan accused L.F. of violating the communication restrictions by providing Mr. Johnson with data in support of his concerns related to Student 1's test anxiety during the meeting and informed him that, as a sanction, LWSD would not consider the relevant data he provided concerning Student's 1 ongoing need for accommodations

43. Student 1 was not provided with appropriate Section 504 accommodations from October 2015 until December 2016.

44. In December 2016, the District scheduled another Guidance Team meeting responsive to L.F.'s ongoing concerns about Student 1's anxiety.

45. L.F. attended the meeting as did M.S, Student 1, several of Student 1's teachers, the principal, and a district administrator.

46. Finally on December 16, 2016, as a result of the Guidance Team meeting held that day, 14 months after L.F.'s initial advocacy efforts, LWSD drafted a section 504 plan for Student 1 to accommodate her "moderate anxiety".

47. L.F. signed consent for the plan on January 17, 2017.

Complaint - 8
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

48. Oddly, consent to evaluate under Section 504 was given that same day.

*L.F.'s advocacy for Student 2*

49. The communication restrictions also impacted L.F.'s ability to effectively advocate for his younger daughter, Student 2.

50. On or about November 23, 2015, Jon Hedin, Principal of Student 2's school, Alcott Elementary, likewise disseminated information directing his staff to cease communications with L.F.

51. LWSD scheduled a Guidance Team meeting for January 12, 2016 on behalf of Student 2. (This meeting was later rescheduled to January 26, 2016.)

52. On January 15, 2016 L.F. informed LWSD Guidance Counselor Amber Cawley that Student 2's private psychiatrist had diagnosed Student 2 with Anxiety Disorder and Disruptive Behavior Disorder.

53. On January 26, 2016 L.F. and LWSD participated in a productive and amicable Guidance Team meeting.

54. On January 28, 2016 Amber Crawly, school psychologist for LWSD, sent notice that Student 2 did not qualify for a Section 504, and invited any further questions to be directed to her.

55. L.F. replied to the January 28, 2016 email from Ms. Crawly thanking her for a productive meeting and asked how his concerns for Student 2 would be handled outside of a Section 504 plan.

56. On January 28, 2016 LWSD advised Ms. Crawly not to reply deeming L.F.'s question to be somehow "inappropriate."

Complaint - 9
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

57. In an email sent on or about January 29, 2016 Ms. Sullivan imposed sanction against L.F. "for violation of the communication plan" and cancelled all meetings scheduled for the following month and further restricted any opportunity for L.F. to address academic concerns to thirty minutes once per month.

*L.F.'s requests to remove or mediate the communication restrictions*

58. On May 23, 2016, Mr. Foley requested that, since his daughters would both attend new schools for the 2016-2017 school year and there had been no issues for the last four months, the District lift the communication restrictions.

59. LWSD initially agreed to allow L.F. to communicate directly with his daughters' new principals, but when L.F. asked for clarification of terms of the revised plan, the District rescinded that offer.

60. On February 21, 2017 LWSD presented a plan for removing the communication restrictions which stated, in part: "If [L.F.] chooses to have no communication under the current communication plan during this time period, this would also be considered appropriate interaction and communication."

61. The process for removing the restrictions spanned beyond the course of an entire academic year.

62. Under LWSD's currently proposed plan to remove the communication restrictions, L.F. is forbidden from discussing the communication restrictions and all agenda items are restricted to those approved by LWSD.

Complaint - 10
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

63. Prohibiting L.F. from even attempting to build a constructive relationship with his daughters teachers, but forcing him to begin the 2016-2017 and now the 2017-2018 school year with these restrictions stigmatizes him as a problem parent.

64. Additionally, the communication restrictions unnecessarily delay communications, and create an additional workload for the principals and other staff to navigate questions that could be easily addressed by teachers related to field trip permission slips, parent volunteer opportunities and other day-to-day matters.

65. L.F.'s multiple requests to mediate the terms of the communication restrictions and/or its removal were either ignored or denied by LWSD.

66. L.F. has been forced to seek thorough the Federal Courts to end the retaliatory and stigmatizing actions of LWSD against him.

## COUNT I

### SECTION 504 OF THE REHABILITATION ACT OF 1973

67. LWSD has and currently is providing educational services to the general public and receives federal financial assistance and is, therefore, a "public entity" within the meaning of Section 504.

68. Section 504 prohibits retaliation against any individual.

69. L.F. engaged in protected activities when he began advocating for Student 1's rights in October 2015 and continued to advocate for the rights of both Student 1 and Student 2 by requesting Section 504 plans and questioning LWSD procedures and Section 504 decisions.

70. L.F. engaged in further protected activities when he questioned LWSD's decision to deny his daughter a Section 504 despite ample evidence that her anxiety was substantially impairing

Complaint - 11  
Cause No: 2:17-cv-375

**Cedar Law, PLLC**  
2200 Sixth Ave., #1250  
Seattle, WA 98121  
206-250-5796

her in life activity of attending school, taking tests, and completing school work in a timely fashion and by finally requesting a formal appeal of LWSD's decision under Section 504.

71. In response to L.F.'s on-going advocacy LWSD retaliated against L.F. by unilaterally placing communication restrictions on L.F., instructing its employees, staff, and agents to cease all non-emergency communications with L.F. regarding any substantive concerns.

72. LWSD, through its administrators, agents, and employees, intentionally interfered with L.F.'s communication with the District and his advocacy efforts on behalf of his daughters.

73. LWSD's initiation of the communication restrictions on November 23, 2015 was discriminatory and retaliatory within the meaning of Section 504 and caused harm to L.F. and his daughters.

74. LWSD continued to retaliate against L.F. by failing to remove the communication restrictions, imposing more and more restrictions on L.F.'s communication with LWSD, and further restricting L.F.'s communication when he sought clarification of the restriction parameters.

75. LWSD's implementation of the communication restrictions damaged his reputation with his daughters' teachers, school staff, and resulted in an affront to his personal dignity.

76. LWSD's implementation of the communication restrictions damaged L.F.'s relationships with his daughters by preventing him from normal and customary interaction with his daughters' teachers and interfering with his access to information regarding their educational activities and concerns that are readily available to other parents.

77. LWSD continues to retaliate against L.F. through a pattern of antagonism including increasing communication restrictions anytime L.F. attempts to engage or engages in

Complaint - 12
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

advocacy on behalf his daughters, cutting L.F. off from normal and customary communications with District staff and employees and unnecessarily sending their attorney to routine parent-teacher conferences even when L.F. states his desire not to bring attorneys.

78. LWSD has further violated Section 504 by not establishing and implementing a system of procedural safeguards pursuant to 34 C.F.R. 104.36.  For instance, by using LWSD staff to conduct the review, LWSD's procedures for appealing an adverse Section 504 decision do not allow for an impartial hearing.  Additionally, LWSD did not follow or implement appropriate procedures for evaluating, identifying and providing accommodation to students as required by the regulations.

79. LWSD acted with intent or with deliberate indifference to the rights of L.F. and his daughter.

80. By virtue of, and as a result of, the Defendant's conduct L.F. and his daughter have suffered non-economic damages including a loss of dignity, loss of consortium, loss of reputation, and emotional distress in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following PERMANENT INJUNCTIVE RELIEF:

1. The Court order Defendant to remove all communication restrictions imposed against L.F. by LWSD.

WHEREFORE, the Plaintiff seeks the following other relief:

1. Declaratory relief;

2. Monetary damages for loss of dignity, loss of reputation, loss of consortium and emotional distress in an amount to proven at trial;

3. Costs and attorneys' fees to the extent permitted by law; and

Complaint - 13
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796

4. Such other relief as the Court deems just and proper.

Dated this 10th day of March 2017.

By:

```
/s/ Angela M. Shapow
```

CEDAR LAW PLLC
By: Angela M. Shapow
WSBA# 41471
2200 Sixth St., #1250
Seattle, WA 98121
206-250-5796
angela@cedarlawpllc.com

Complaint - 14
Cause No: 2:17-cv-375

**Cedar Law, PLLC**
2200 Sixth Ave., #1250
Seattle, WA 98121
206-250-5796