UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L.F., in his individual capacity and as parent of K.S.F. (Student 1) and K.S.F. (Student 2),<br><br>Plaintiff,<br><br>v.<br><br>LAKE WASHINGTON SCHOOL DISTRICT #414,<br><br>Defendant. | C17-375 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's motion for a temporary restraining order ("TRO") and a preliminary injunction, docket no. 3. Having reviewed all papers filed in support of, and in opposition to, plaintiff's motion,[1] the Court enters the following order.

**Discussion**

Both a TRO and a preliminary injunction are extraordinary remedies that are "never awarded as of right." <u>See</u> <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7,

---

[1] By Minute Order entered March 16, 2017, docket no. 5, the Court separated plaintiff's motion into one for a TRO, noted for March 27, 2017, and one for a preliminary injunction, noted for April 7, 2017. Defendant, however, filed a consolidated response as to both the TRO and preliminary injunction requests, and plaintiff similarly filed a consolidated reply. The Court therefore treats plaintiff's motion as fully briefed with respect to both types of preliminary relief.

ORDER - 1

24 (2008).  A party seeking a TRO or a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in favor of preliminary relief; and (4) an injunction is in the public interest.  *Id.* at 20; see *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standards for a TRO and a preliminary injunction are equivalent).  The Ninth Circuit has also articulated an alternative "sliding scale" approach pursuant to which the first and third *Winter* factors are analyzed on a continuum; under such standard, a weaker showing on the merits, combined with a stronger demonstration on the balancing test, might warrant preliminary injunctive relief, assuming the second and fourth *Winter* elements are met.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011).  Under this "sliding scale" method, the movant need only raise "serious questions going to the merits," but the balance of hardships must tip "sharply" in the movant's favor.  *Id.* at 1131-32; see also *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012).

Plaintiff in this matter is the father of two students attending schools in the Lake Washington School District ("LWSD").  He is challenging a Communication Plan imposed by LWSD in late November 2015, and modified in January 2016 and again in November 2016.  *See* Sullivan Decl. at ¶¶ 18 & 34 & Exs. 4 & 6 (docket nos. 15, 15-4, & 15-6); Ex. 8 to Livingston Decl. (docket no. 14-8).  He contends that the Communication Plan constitutes retaliation for his advocacy on behalf of his allegedly disabled children and therefore violates Section 504 of the Rehabilitation Act of 1973.  *See* Compl. (docket no. 1).  When the Communication Plan was implemented, however, plaintiff was advised

1  that he could appeal the decision by filing an action within thirty days in King County
2  Superior Court, <u>see</u> RCW 28A.645.010, and he undisputedly failed to timely challenge
3  either the imposition of the Communication Plan or its subsequent modifications.
4       The Communication Plan has now been in effect for almost sixteen months.
5  During a substantial portion of this time, plaintiff did not take advantage of the biweekly
6  or monthly meetings with LWSD's Directors of School Support (DSSs), namely
7  Sue Anne Sullivan and Matt Livingston, that were contemplated in the original
8  Communication Plan and its initial modification.  <u>See</u> Sullivan Decl. at ¶¶ 38 & 43;
9  Livingston Decl. at ¶¶ 38 & 40 (docket no. 14).  As subsequently modified, the
10 Communication Plan eliminated periodic meetings between plaintiff and the DSSs, and it
11 currently envisions that plaintiff will voice his concerns solely via e-mail to the DSSs on
12 a monthly basis, during the last school week of the month.  Rather than appealing the
13 Communication Plan as modified in early November 2016, plaintiff commenced this
14 action in March 2017 and seeks as preliminary relief an order enjoining LWSD from
15 enforcing the Communication Plan.
16      The Court is persuaded that plaintiff has not met his burdens of establishing either
17 a likelihood of success on the merits or serious questions going to the merits, of showing
18 a likelihood of irreparable harm in the absence of preliminary relief, or of demonstrating
19 that a balancing of equities tips in favor of preliminary relief or that an injunction is in the
20 public interest.  Plaintiff has simply not provided the quantum of evidence of animus or
21 retaliatory intent or identified the type of emergent situation that might justify the grant of
22 an extraordinary remedy like a TRO or a preliminary injunction.
23

ORDER - 3

**Conclusion**

For the foregoing reasons, plaintiff's motion for a temporary restraining order and/or a preliminary injunction, docket no. 3, is DENIED.

IT IS SO ORDERED.

Dated this 28th day of March, 2017.

Thomas S. Zilly
United States District Judge

ORDER - 4