UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| L.F. in his individual capacity and as parent of K.S.F. (Student 1) and K.S.F. (Student 2),<br><br>Plaintiffs,<br><br>v.<br><br>LAKE WASHINGTON SCHOOL DISTRICT #414,<br><br>Defendant. | No. 17-cv-00375-TSZ<br><br>LAKE WASHINGTON SCHOOL DISTRICT'S ANSWER TO COMPLAINT |

Defendant Lake Washington School District (the "District") answers the Complaint of L.F. in his individual capacity and as parent of K.S.F. ("Student 1") and K.S.F. ("Student 2") ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

The Preliminary Statement consists of legal conclusions or argument to which no response is necessary. To the extent a response is required, the District denies the allegations contained in the Preliminary Statement.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 1
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## JURISDICTION AND VENUE

1. The District admits that venue is proper.

2. The District admits that this Court has jurisdiction.

3. Paragraph 3 contains legal conclusions or argument to which no response is required. To the extent a response is deemed necessary, the District denies that this Court has supplemental jurisdiction over any state legal claims because Plaintiff has not set out any state legal claims.

4. The District admits that the Court has jurisdiction over claims for injunctive relief.

## PARTIES

5. The District admits that Student 1 resides within the boundaries of the District. The District also admits that Student 1 attended Evergreen Middle School ("Evergreen"), a District school. The District denies that Student 1 attended Evergreen High School, because there is no such school, but admits that Student 1 attends high school at a District school. The District lacks sufficient knowledge and information to form a belief as to the truth of the remaining factual allegations in Paragraph 5, which shall have the effect of a denial.

6. The District admits that Student 2 resides within the boundaries of the District. The District also admits that Student 2 attended Alcott Elementary School, a District School. The District denies that Student 2 attended Alcott Middle School, because there is no such school, but admits that Student 2 attends middle school at a District school. The first sentence of Paragraph 6 contains legal conclusions or argument to which no response is required, but to the extent a response is deemed to be required, the District denies those allegations. The District lacks sufficient knowledge and information to form a belief as to the truth of the remaining factual allegations in Paragraph 6, which shall have the effect of a denial.

7. The District admits that L.F. is a parent of Student 1 and Student 2. The District lacks

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 2
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

sufficient knowledge and information to form a belief as to the truth of the remaining factual allegations in Paragraph 7, which shall have the effect of a denial.

8. The District admits that it is a Washington public school district operating in Redmond, Washington as well as in other municipalities. The remainder of the allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is deemed necessary, the District denies those allegations.

**FACTUAL BACKGROUND**

9. The District lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9, which shall have the effect of a denial.

10. The District lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10, which shall have the effect of a denial.

11. The District lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 11, which shall have the effect of a denial.

12. The District admits that it provided Student 1 an "anytime pass" to see the school counselor when Student 1 felt it was necessary. The District denies the remaining allegations in Paragraph 12.

13. The District admits that Plaintiff contacted Student 1's school counselor on October 13, 2015 and stated that Student 1 had apparent anxiety. The District also admits that the District arranged a meeting for October 15, 2015. The District denies the remaining allegations in Paragraph 13.

14. The District admits that on October 23, 2015, L.F. requested a Guidance Team meeting to evaluate whether Student 1 required a Section 504 Accommodation Plan. The remaining allegations in Paragraph 14 contain legal conclusions or argument to which no response is

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 3
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

required. To the extent a response is deemed necessary, the District denies those allegations.

15. The District admits that it scheduled a Guidance Team meeting for Student 1 to occur on November 4, 2015 to evaluate whether it was appropriate to move forward with creating a 504 Accommodation Plan in a subsequent meeting. The District further admits that it did not evaluate whether a 504 Accommodation Plan was appropriate for Student 1 prior to this meeting. The District also admits that Paragraph 15 contains language quoted from email correspondence with the school, and states this correspondence speaks for itself. The District denies the remaining allegations in Paragraph 15.

16. The District admits that L.F. addressed Student 1's attendance at the meeting in communication involving the District and M.S. from October 23 and October 29, 2015. The District denies the remaining allegations in Paragraph 16.

17. The District admits that L.F. stated that he did not wish Student 1 to attend and that L.F. stated that District personnel could reach out to Student 1's individual therapist. The District further states that this communication took the form of an email correspondence which speaks for itself. The District is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17, which shall have the effect of a denial.

18. The District admits that the issue of Student 1's attendance was discussed in email correspondence that included the District, L.F., and M.S., states that this email correspondence speaks for itself, and denies the remaining allegations in Paragraph 18.

19. The District admits that the allegations in Paragraph 19 quote part of an email correspondence between the District, L.F. and Student 1's mother, M.S., states that this email correspondence speaks for itself, and denies the remaining allegations in Paragraph 19.

20. The District admits that Student 1's mother, M.S., disagreed with L.F. and requested that

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 4
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Student 1 be present at the Guidance Team meeting. The District also admits that L.F. stated his concerns. The District states that the communication reference in Paragraph 20 took the form of email correspondence, which speaks for itself. The District denies the remaining allegations in Paragraph 20.

21. The District admits that the Guidance Team determined that Student 1 did not require accommodations under Section 504 of the Rehabilitation Act of 1973 at the November 10, 2015 meeting. The remaining allegations in Paragraph 21 contain legal conclusions or argument to which no response is required. To the extent a response is deemed necessary, the District denies the remaining allegations in Paragraph 21.

22. The District answers that the Prior Written Notice referenced speaks for itself.

23. The District admits that L.F. informed the District that he wished to appeal the Guidance Team's decision that Section 504 accommodations were not required and sought information about the appeal process. The District denies the remaining allegations in Paragraph 23.

24. The District admits that the text quoted in Paragraph 24 was contained in an email exchange between District personnel and states that the email correspondence speaks for itself. The District further states that Sue Anne Sullivan's title is Director of School Support.

25. The District admits that the District emailed L.F. on November 12, 2015, denies the remaining allegations in Paragraph 25, and states that the communication referenced in Paragraph 25 is contained in email correspondence, which speaks for itself. The District further states that Stacey McGrath's title is Associate Director of Special Services.

26. The District answers that the allegations in Paragraph 26 quote from an email exchange between the District and L.F. and states that the referenced email correspondence speaks for itself.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 5
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

27. The District admits that L.F. emailed District employees regarding a potential appeal of the Guidance Team decision and questioned the impartiality and competence of Student 1's principal. The District states that L.F.'s communication took the form of email correspondence which speaks for itself. The District denies the remaining allegations in Paragraph 27.

28. The District admits that L.F. sent an email on November 21, 2015 and states that this email correspondence speaks for itself. The District denies the remaining allegations in Paragraph 28.

29. The District admits that it implemented a Communication Plan on November 23, 2016 and states that this plan took the form of a written document, which speaks for itself. The remaining allegations in Paragraph 29 contain legal conclusions or argument, to which no response is required, and which the District denies to the extent a response is deemed necessary.

30. The District admits that the Communication Plan directed L.F. to communicate educational concerns through twice monthly meetings with high-level District administrators rather than to communicate those concerns directly to principals, teachers or school staff. The District further admits that these meetings were scheduled according to the availability of L.F. and the high-level District administrators and that L.F. was allowed to propose agenda items, subject to approval by the administrators. The District further states that the Communication Plan speaks for itself. The District denies the remaining allegations contained in Paragraph 30.

31. The District admits that the District sent an email on November 23, 2016 and states that the email speaks for itself.

32. The District admits that the allegations in Paragraph 32 contain excerpts from an email message between District employees and states that this correspondence speaks for itself.

33. The District denies the allegations in Paragraph 33.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 6
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

34. The District admits that Paragraph 34 contains a quote excerpted from an email correspondence, states that the email correspondence speaks for itself, and denies the remaining allegations in Paragraph 34.

35. Admit.

36. The District admits that Paragraph 36 contains an excerpt from a chain of email messages between the District, M.S., and L.F. and states that this email correspondence speaks for itself.

37. The District is without knowledge and information to form a belief as to the truth of the allegations regarding L.F.'s perceptions in Paragraph 37, which shall have the effect of a denial. The District denies the remaining allegations in Paragraph 37.

38. The District is without knowledge and information to form a belief as to the truth of the allegations regarding L.F.'s perceptions in Paragraph 38, which shall have the effect of a denial. The District denies the remaining allegations in Paragraph 38.

39. The District admits that L.F. did not pursue an appeal of the District's determination that Student 1 did not need Section 504 accommodations. The District is without knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 39, which shall have the effect of a denial.

40. The District admits that it approved a meeting between L.F. and Student 1's math teacher and principal on January 27, 2016 regarding his concerns about Student 1's math performance. The District denies the remaining allegations in Paragraph 40.

41. Admit.

42. The District admits that Sue Anne Sullivan informed L.F. that he had violated the Communication Plan by going beyond the agreed terms of the in-person meeting with Student 1's principal and math teacher and sanctioned him as a result. The District denies the remaining

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 7
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

allegations in Paragraph 42.

43. The allegations in Paragraph 43 contain legal argument or conclusions to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 43.

44. The District admits that it scheduled another Guidance Team meeting in December 2016. The District denies the remaining allegations in Paragraph 44.

45. Admit.

46. The District admits that the District drafted a Section 504 Accommodation Plan on December 16, 2016 indicating Student 1 had "moderate anxiety", states the document speaks for itself, and denies the remaining allegations in Paragraph 46.

47. Admit.

48. The District admits L.F. consented to the evaluation of Student 1 on January 17, 2017 and denies the remaining allegations in Paragraph 48.

49. The District denies the allegations in Paragraph 49.

50. The District admits that Student 2's principal sent an email on November 23, 2015, states that this email speaks for itself, and denies the remaining allegations in Paragraph 50.

51. Admit.

52. The District admits that L.F. sent an email to the District on January 15, 2016 containing his characterization of diagnoses purportedly issued by a private psychiatrist regarding Student 2 and states that the email was part of an email correspondence that speaks for itself. The District denies the remaining allegations in Paragraph 52.

53. The District admits that a Guidance Team meeting occurred on January 26, 2016. The District denies the remaining allegations in Paragraph 53.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 8
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

54. The District admits that it sent an email on January 28, 2016 notifying L.F. that the Guidance Team had considered L.F.'s concerns and determined that no further action was necessary at that time, states that the email speaks for itself, and denies the remaining allegations in Paragraph 54.

55. The District admits that L.F. sent the District an email on January 28, 2016, states that the email speaks for itself, and denies the remaining allegations in Paragraph 55.

56. The District admits that it advised school principals, teachers and staff not to respond directly to L.F.'s email and to instead allow the high-level administrators in the Superintendent's Office to respond through the Communication Process. The District further states that Paragraph 56 contains an excerpt from an email correspondence between District personnel, states that the email speaks for itself, and denies the remaining allegations in Paragraph 56.

57. The District admits that it revised the Communication Plan in response to L.F.'s violations of the Communication Plan, postponed L.F.'s next meeting to the following month, and reduced the number of in-person meetings with high-level administrators in the Superintendent's office to once per month. The District denies this email was sent on January 29, 2016. The District further admits that Paragraph 57 contains an excerpt from an email sent by Sue Anne Sullivan on January 28, 2016, states that the email speaks for itself, and denies the remaining allegations in Paragraph 57.

58. The District admits that on May 23, 2016, L.F. requested that communication restrictions be lifted. The District states that the request was made by way of an email message and letter, which speak for themselves, and denies the remaining allegations in Paragraph 58.

59. The District admits that it conditionally offered to allow L.F. to communicate directly with principals and denies the remaining allegations in Paragraph 59.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 9
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

60. The District admits that Paragraph 60 contains an excerpt from an email from the District dated February 21, 2017 that set out a plan for the Communication Plan to be modified and eventually lifted if L.F. complied with the Communication Plan for a series of months, states that the email speaks for itself, and denies the remaining allegations contained in Paragraph 60.

61. The District admits the plan for modifying the Communication Plan included steps extending through the remaining 2016-2017 school year into the 2017-2018 school year.

62. The District admits that under the proposed plan, the District would have approved agenda items proposed by L.F., states that the proposed plan was contained in an email that speaks for itself, and denies the remaining allegations contained in Paragraph 62.

63. Paragraph 63 contains legal conclusions or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 64.

65. The District admits that it denied some requests by L.F. to mediate the terms of the communication restriction and denies the remaining allegations contained in Paragraph 65.

66. Paragraph 66 states legal conclusions or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 66.

## COUNT I: SECTION 504 OF THE REHABILITATION ACT OF 1973

67. Admit.

68. The allegation in Paragraph 68 states a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District answers that Section 504 speaks for itself.

69. The allegations in Paragraph 69 state a legal conclusion or argument to which no

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 10
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 71.

72. The District denies the allegations in Paragraph 72.

73. The allegations in Paragraph 73 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 11
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

allegations in Paragraph 77.

78. The allegations in Paragraph 78 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District denies the allegations in Paragraph 78.

79. The District denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 state a legal conclusion or argument to which no response is required. To the extent a response is deemed necessary, the District states that neither L.F. nor his daughters have suffered any damages and denies the allegations in Paragraph 80.

## PRAYER FOR RELIEF

No response is required to Plaintiff's prayer for relief. To the extent that a response may be deemed to be required, the District denies that Plaintiff's allegations are supported by the facts or the law or that they are entitled to any of the relief requested.

Any allegation set forth in the Complaint not otherwise specifically admitted in this Answer is denied. To the extent any section headings or subheadings are deemed to be allegations, the District denies those allegations.

## DEFENDANT LAKE WASHINGTON SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES

By way of further answer, defense, and affirmative defense, without stating which party bears the burden of proof herein, and without admitting any allegations previously denied, the District alleges as follows:

1. Plaintiff fails to state a claim upon which relief can be granted;

2. Plaintiff's claims are not well grounded in fact and are not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 12
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

3. Plaintiff's injury, if any, was caused by Plaintiff's own conduct;

4. Plaintiff's claims are barred in whole or in part by his own conduct and equitable considerations, including the doctrines of laches, waiver, estoppel, consent, and unclean hands;

5. The District has fully complied with all material elements of the relevant statutory and regulatory requirements;

6. Plaintiff's claims are barred in whole or in part by his failure to exhaust remedies available through administrative proceedings and state court;

7. The District's conduct did not proximately cause Plaintiff's alleged damages;

8. Plaintiff is not entitled to the types and kinds of damages he seeks, including without limitation, his claim for monetary damages and attorney fees.

## DEFENDANT'S SPECIFIC RESERVATION OF RIGHTS

The District specifically reserves the right to amend its answer by adding defenses, affirmative defenses, counterclaims, cross claims, or by instituting third party actions, as additional facts are obtained through further investigation or discovery.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, having fully answered Plaintiff's Complaint and having asserted defenses and affirmative defenses, the District respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint with prejudice and with no recovery or relief to Plaintiff;

2. Award the District reasonable expenses, costs, and attorney fees incurred in defending this action to the extent allowed by law or equity; and

3. Award the District such other and further relief as the Court deems just and equitable.

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 13
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

DATED this 7th day of April, 2017.

                        PACIFICA LAW GROUP LLP

                        By *s/ Gregory J. Wong*
                           Carlos A. Chavez, WSBA #34076
                           Gregory J. Wong, WSBA #39329
                           Charles E. Gussow, WSBA #46852

                        Attorneys for Defendant Lake Washington School District #414

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 14
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following:

Angela M. Shapow
CEDAR LAW PLLC
2200 6th Avenue, Suite 1250
Seattle, WA 98121
angela@cedarlawpllc.com

*Attorney for Plaintiff*

DATED this 7th day of April, 2017.



Sydney Henderson

LAKE WASHINGTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT - 15
(Cause No. 17-cv-00375-TSZ)
40011 00168 gc281626y1.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750